IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SAMANTHA HANNAH <br> 14045 Ballantyne Corporate Place, Suite 325 <br> Charlotte, North Carolina 28277 <br><br> *On Behalf of Herself and* <br> *Others Similarly Situated* <br><br> PLAINTIFF, <br><br> v. <br><br> TOP SHELF ENTERTAINMENT, LLC <br> d/b/a CLUB ONYX CHARLOTTE <br> 5300 Old Pineville Road, Suite 120 <br> Charlotte, North Carolina 28217 <br><br> DEFENDANT. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * CASE NO.: 3:19-cv-00332 <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

## CLASS AND COLLECTIVE ACTION COMPLAINT

1. This action is brought by Plaintiff Samantha Hannah ("Plaintiff"), on behalf of herself and other similarly situated individuals, against Defendant Top Shelf Entertainment, LLC d/b/a Club Onyx - Charlotte (hereafter "Club Onyx" or "Defendant").

2. Defendant misclassified Plaintiff and other similarly situated individuals as "independent contractors" rather than as employees while employed as an exotic dancer at Defendant's Club Onyx Gentlemen's Club located at 5300 Old Pineville Road, Suite 120, Charlotte, North Carolina 28217.

3. As a result of this misclassification, Defendant is legally responsible and now liable for failing to pay Plaintiff and other similarly situated individuals required wages under the Federal Fair Labor Standards Act ("FLSA") and the North Carolina Wage & Hour Act ("NCWHA").

4. Plaintiff brings this action as a class and collective action against Defendant seeking back-pay, restitution, liquidated damages, reasonable attorney's fees and costs, and all other relief that the Court deems just, reasonable and equitable in the circumstances.

## PARTIES AND JURISDICTION

5. Plaintiff is an adult resident of Charlotte, North Carolina.

6. Plaintiff hereby affirms her consent to prosecute her claim as a class representative in class and collective action and to seek unpaid wages and damages under the FLSA and the NCWHA and for all other relief sought or awarded in this action.

7. Club Onyx is a limited liability company formed in North Carolina that operates as a gentlemen's club featuring female exotic dancers at the address 5300 Old Pineville Road, Suite 120, Charlotte, North Carolina 28217.

8. During the relevant period, Club Onyx was Plaintiff's employer and the employer of all other similarly situated female exotic dancers within the meaning of the FLSA and NCWHA.

9. During the relevant period, Club Onyx had gross revenue and sales exceeding $500,000.00, sold beer, wine, spirituous beverages, colas, and food that passed in interstate commerce and otherwise qualified as an "enterprise engaged in commerce" under the FLSA.

10. Prior to the filing of this action, Plaintiff filed an Arbitration Action against Club Onyx before the American Arbitration Association ("AAA") pursuant to an arbitration agreement between Club Onyx and Plaintiff.

11. Club Onyx had knowledge of Plaintiff's prior AAA claim, communicated directly with AAA about the claim, and refused to pay its portion of the fee for the arbitration action and otherwise refused to participate in the action, resulting in AAA's dismissal of the arbitration action.

12. Because Club Onyx refused to arbitrate Plaintiff's FLSA and NCWHA wage claim or otherwise honor its own arbitration agreement, Club Onyx is estopped from compelling arbitration as to Plaintiff's claims or the substantially similar claims of any similarly situated individuals that may join, opt-in, or be included as class members in the action that may have signed or otherwise be bound by an arbitration agreement identical or substantially similar to the agreement presented by Club Onyx and signed by Plaintiff.

13. Equity and the doctrine of Equitable Estoppel will not permit Club Onyx to pick and choose when it will compel the arbitration of FLSA and/or NCWHA wage claims by current and former exotic dancer employees and when it will knowingly waive arbitration.

14. The relief sought in this action against Defendant arises under the FLSA, a Federal Statute, and Subject Matter Jurisdiction is therefore proper in this Court based on Federal Question and the Court properly confers pendent jurisdiction over interrelated NCWHA wage claims arising out of common facts and circumstances.

15. The alleged acts and omissions giving rise to this action occurred primarily in or around Charlotte, North Carolina and in consideration of this fact and the foregoing, Venue and Personal Jurisdiction are proper in the United States District Court for the Western District of North Carolina.

## **FACTS**

16. Plaintiff was employed by Defendant as an exotic dancer at Defendant's Club Onyx Gentlemen's Club in Charlotte, North Carolina, for the period of about September 2016 until about February 2019.

17. During the period of Plaintiff's employment, the number of shifts Plaintiff and other similarly situated exotic dancers worked varied from week to week.

18. During the period of Plaintiff's employment, the exact number of hours Plaintiff and other similarly situated exotic dancers worked varied from week to week.

19. Defendant has possession, custody, and control of time and/or sign in records and "house fee" payment records for Plaintiff and other similarly situated exotic dancers.

20. At all times, agents on behalf of Defendant had actual knowledge of all hours Plaintiff and other similarly situated exotic dancers worked each shift through sign in or tip-in sheets, DJ records, and shift-managers monitoring and supervising Plaintiff and other similarly situated exotic dancers' work duties.

21. At no time during Plaintiff's period of employment did Defendant ever pay Plaintiff or any other similarly situated exotic dancers any wages for hours that Plaintiff worked each week.

22. At all times relevant, Defendant totally failed to pay wages or any kind of compensation to Plaintiff or any other similarly situated exotic dancers for work duties performed.

23. At all times relevant, Defendant misclassified Plaintiff and all other similarly situated exotic dancers as independent contractors when each individual should have been classified under the FLSA and North Carolina law as an employee.

24. At all times, Defendant controlled all aspects of the job duties Plaintiff and other similarly situated exotic dancers performed inside the club through employment rules and workplace policies.

25. At all times, Defendant controlled the method by which Plaintiff and all other similarly situated exotic dancers could earn money at the club by establishing dance orders, setting customer prices on private and semi-private exotic dances, and setting private and semi-private dance specials and promotions for customers.

26. At all times, Defendant required Plaintiff and other similarly situated exotic dancers to

4

Case 3:19-cv-00332-RJC-DSC    Document 1    Filed 07/15/19    Page 4 of 12

perform private and semi-private dances under the pricing guidelines, policies, procedures, and promotions set exclusively by Defendant.

27. Defendant hired Plaintiff and other similarly situated exotic dancers and had the ability to discipline, fine, fire, and adjust each individual's work schedule.

28. Defendant, through supervisors and managers, supervised the duties of Plaintiff and each other similarly situated exotic dancer to make sure each individual's job performance was of sufficient quality.

29. Defendant conducted initial interviews and vetting procedures for Plaintiff and each other similarly situated exotic dancer and, at the club's sole discretion, the club's management and/or ownership could deny any Plaintiff or other similarly situated individual access or ability to dance and/or work at the club.

30. At all times, Defendant had the right to suspend or send Plaintiff or any other similarly situated exotic dancer home and away from the club if Plaintiff or any other similarly situated exotic dancer violated rules or policies or if the club's ownership or management, at its discretion, did not want Plaintiff or any other similarly situated exotic dancer to work at the club.

31. Neither Plaintiff nor any other similarly situated exotic dancer was required to have or possess any requisite certification, education, or specialized training as a condition of employment with Defendant.

32. At all times relevant, Defendant was in the business of operating a gentlemen's club featuring female exotic dancers and at all times it was the job duty of Plaintiff and each other similarly situated exotic dancer to perform as a female exotic dancer for the club's customers.

33. In addition to failing to pay Plaintiff and other similarly situated exotic dancers wages for hours worked, Defendant required Plaintiff and each other similarly situated exotic dancer to pay

the club or its ownership or management a house fee or kickback of about $50.00 or more for each shift Plaintiff and each other similarly situated exotic dancer worked.

34. At all times during the relevant period, without legal excuse or justification, Defendant regularly and customarily kept and/or assigned to management tips and gratuities Plaintiff and each other similarly situated exotic dancer received from customers.

35. Prior to and during the relevant period, Defendant and its ownership had actual knowledge that for at least the past twenty (20) years that exotic dancers like Plaintiff and other similarly situated exotic dancers at Club Onyx were employees and not independent contractors and were owed minimum wage compensation under the FLSA and North Carolina law.

36. Prior to and during the relevant period, Defendant and its ownership had actual or constructive knowledge the club misclassified Plaintiff and other similarly situated exotic dancers as independent contractors, failed to pay them wages as required by Federal and North Carolina law, unlawfully withheld or assigned tips Plaintiff and other similarly situated exotic dancers received from customers, and unlawfully charged Plaintiff and other similarly situated exotic dancers kickbacks, fines, and surcharges during her employment period.

37. The very reason why Defendant required Plaintiff and other similarly situated exotic dancers to sign an arbitration agreement with waiver of class and collective action procedures was because it knew that Plaintiff and other exotic dancers were inevitably a class or collective action seeking unpaid wages and damages (as exotic dancers have been doing for decades across the country) and Defendant was attempting to mitigate or limit its exposure to an individual claim rather than properly classify Plaintiff and other exotic dancers as employees and pay wages and otherwise comply with Federal and North Carolina wage and hour laws.

## CLASS ACTION ALLEGATIONS

38. Plaintiff, on behalf of herself and other similarly situated exotic dancers that worked at Defendant's club during the relevant period, is pursuing the herein alleged North Carolina wage claims as a class action pursuant to Federal Rule of Civil Procedure 23.

39. In the present case, joinder of all class members is impractical because (1) the number of class members is believed to exceed 100; (2) many of the class members' claims are small, a factor which would certainly preclude many class members from pursuing their rights; and (3) there is substantial judicial economy in litigating all claims in a single action.

40. All class members are readily identifiable from information and records in the possession and control of the Defendant.

41. In the present case, the questions of law or fact common to the members of the class predominate over any questions affecting only individual class members.

42. The essence of this entire case is that Plaintiff and other exotic dancers at Defendant's club were not paid for all hours worked and have substantially similar damages arising out of Defendant's common and class-wide violations of the North Carolina wage and hour laws.

43. In the present case, the claims of Plaintiff, the representative party, are typical of the claims of the class.

44. The legal claims and legal theories being pursued by Plaintiff, the class representative, are nearly identical to the legal claims and theories being pursued by the exotic dancer class members.

45. In the present case, Plaintiff, the representative party, will fairly and adequately protect the interest of the class.

46. Plaintiff has no conflict of interest with the class members.

47. Plaintiff, the class representative, is represented by competent and experienced counsel who will vigorously prosecute this case.

48. In the present case, a class action is superior to the other available methods for the fair and efficient adjudication of the controversy in that there will not be any substantial difficulties in managing a class action in the present case, judicial economy dictates in favor of litigating all of the claims in a single forum, based upon information and belief no other litigation concerning this controversy has been commenced by any of the potential class members, and there is no significant reason that the individual class members need to control the litigation of this case.

## COLLECTIVE ACTION ALLEGATIONS

49. Plaintiff, on behalf of herself and other similarly situated exotic dancers that worked at Defendant's Club Onyx club during the relevant period, is pursuing the herein alleged FLSA minimum wage claim as a collective action pursuant to FLSA Section 216(b).

50. Plaintiff and all other current or former exotic dancers worked for Defendant at Defendant's Club Onyx club during the relevant period were each denied FLSA required minimum wage compensation and are each owed unpaid FLSA minimum wage compensation, the return of unlawfully taken and/or assigned tips, and statutory damages for each hour worked during the relevant period.

51. Defendant knowingly, willfully, or in reckless disregard of the law, maintained an illegal and class-wide practice of violating the FLSA minimum wage requirements and otherwise failing to pay Plaintiffs and other exotic dancer employees at Defendant's club at hourly wage rates in compliance with the FLSA minimum wage requirements and unlawfully taking and assigning tips or gratuities received from customers.

# CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FLSA - FAILURE TO
### PAY MINIMUM WAGE COMPENSATION

52. Plaintiff re-alleges and reasserts each and every allegation set forth in the paragraphs above as if each were set forth herein.

53. The FLSA provides that no employer shall employ any employee for an hourly wage of less than the federal minimum wage, currently $7.25 per hour.

54. The FLSA prohibits a taking or assignment by Defendant or its management or non-customarily tipped employees of tips or gratuities received by tipped employees from customers.

55. As set forth above, Defendant failed to pay Plaintiff and other similarly situated individuals minimum wage compensation as required by the FLSA.

56. As set forth above, Defendant unlawfully kept and/or assigned tips and gratuities Plaintiff and other similarly situated individuals received from customers.

57. The acts and omissions set forth in this Complaint for which Defendant is liable were performed or omitted willfully and intentional, and not in good faith.

### COUNT II
### VIOLATION OF NORTH CAROLINA WAGE AND HOUR ACT

58. Plaintiff re-alleges and re-asserts each and every allegation set forth in the paragraphs above as if each were set forth herein.

59. The NCWHA provides that employers must pay all wages and tips earned by Plaintiff and other similarly situated individuals on regularly scheduled paydays, including the next regular payday following the termination of employment.

60. The NCWHA prohibits a taking or assignment by Defendant or its management or non-customarily tipped employees of tips or gratuities received by tipped employees from customers.

61. As set forth above, Defendant failed to pay Plaintiff and other similarly situated individuals on regular paydays as required by the NCWHA.

62. As set forth above, Defendant unlawfully kept and/or assigned tips and gratuities Plaintiff and other similarly situated individuals received from customers.

63. The acts and omissions set forth in this Complaint for which Defendant is liable were performed or omitted willfully and intentional, and not in good faith.

## **RELIEF SOUGHT**

WHEREFORE, Plaintiff prays for relief as follows:

A. Judgment finding Defendant estopped from compelling Plaintiff or any other plaintiffs and/or class member to arbitration pursuant to an arbitration agreement identical or substantially similar to the agreement signed by Plaintiff.

B. Certifying this matter as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

C. Certifying this matter as a Collective Action pursuant to FLSA Section 216(b).

D. Judgment against Defendant for failing to pay free and clear minimum wage compensation to Plaintiff and all other plaintiffs and class members as required by the FLSA and North Carolina law;

E. Judgment against Defendant for unlawfully taking and/or assigning tips and gratuities received by Plaintiff and all other plaintiffs and class members from customers in violation of the FLSA and North Carolina law;

F. Judgment against Defendant for unlawfully charging Plaintiff and all other plaintiffs and class members kickbacks, fines, fees, and surcharges in violation of the FLSA and North Carolina law;

G. An award to Plaintiff and all other plaintiffs and class members in the amount of all free and clear unpaid wages found to be due and owing to Plaintiff and all other plaintiffs and class members;

H. An award to Plaintiff and all other plaintiffs and class members in the amount of all tips and gratuities unlawfully taken and/or assigned;

I. An award to Plaintiff and all other plaintiffs and class members in the amount of the return of all kickbacks, fines, fees, and surcharges assessed against or otherwise taken from Plaintiff and all other plaintiffs and class members;

J. An award of statutory liquidated damages in amounts prescribed by the FLSA;

K. An award of statutory liquidated damages in amounts prescribed by the NCWHA;

L. An award of attorneys' fees and costs to be determined by post-hearing petition;

M. An award of pre-judgment interest; and

N. Such further relief as may be necessary and appropriate.

Respectfully submitted,

Dated: July 15, 2019

*/s/ Jason S. Chestnut*
Jason S. Chestnut, NCSB #52066
Philip J. Gibbons, Jr., NCSB #50276
Craig L. Leis, NCSB #48582
GIBBONS LEIS, PLLC
14045 Ballantyne Corporate Place, Suite 325
Charlotte, North Carolina 28277
(704) 612-0038
Email: jason@gibbonsleis.com
　　　　phil@gibbonsleis.com
　　　　craig@gibbonsleis.com

Gregg C. Greenberg, Esq.
(To be Admitted by Pro Hac Vice)
ZIPIN, AMSTER & GREENBERG, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910

(301) 587-9373 (ph)
Email: GGreenberg@ZAGFirm.com

*Counsel for Plaintiff and the Class/Collective*